UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CRIMINAL ACTION NUMBER: 3:11CR-00127-JHM

UNITED STATES OF AMERICA                              PLAINTIFF

v.

PEDRO BELLO,
CARIDAD BELLO, and
JUAN HERNANDEZ                                        DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on motions in limine filed by Defendant Pedro Bello and the United States. Fully briefed, these matters are ripe for decision.

I. BACKGROUND

Defendants Pedro Bello, Caridad Bello and Juan Hernandez were indicted on October 3, 2012 on five counts. The Superseding Indictment [DN 35], in Count 1, alleges that between April 5, 2007 and December 1, 2009, Defendants conspired to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349. The United States contends that the purpose of the conspiracy was a scheme to defraud the Commonwealth of Kentucky of excise tax revenues through the use of a tobacco diversion invoicing scheme. According to the Superseding Indictment, the Defendants created the impression that a tobacco distributor company was purchasing cigarettes from GT Northeast of St. Louis, a non-licensed, out of state company that was operated by Defendants Caridad Bello and Juan Hernandez. In actuality, the tobacco distributor company's cigarette orders were being filled by GT Northeast located in Sellersburg, Indiana, and later Louisville, Kentucky, a Kentucky excise tax licensee, operated by Pedro Bello. Count 1 charges that the scheme permitted Defendant Pedro Bello to avoid paying approximately $2,000,000 in Kentucky excise taxes on the purchase of

cigarettes valued at approximately $12,500,000.

Counts 2 through 5 of the Superseding Indictment charge the Defendants with money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). In connection with the conspiracy to commit wire fraud, the United States alleges that the Defendants conducted four wire transfers of funds from GT Northeast of St. Louis bank accounts to GT Northeast bank accounts.

## II. DISCUSSION

### A. Motion in Limine to Exclude Fed. R. Evid. 404(b) Evidence [DN 91]

Defendant Pedro Bello filed this motion in anticipation that the government would introduce evidence arising from an investigation that took place in Mississippi. The investigation involved a meeting in a hotel room located in Chicago where Defendant Pedro Bello sold Texas cigarette tax stamps to undercover agents on October 6, 2008; and the sale of Vicaro cigars to an undercover confidential informant in Mississippi that took place in March of 2009. Specifically, Defendant Pedro Bello objects to the playing of a video from the March 2009 incident because Defendant acquired stamps from a source he believed to be legitimate. Defendant Bello argues that these other acts will prejudice him in such a way that any probative value is substantially outweighed.

In response, the United States argues that the sale of cigarette tax stamps and cigars to undercover agents are probative of Bello's specific intent to commit wire fraud under Rule 404(b). The government states that the crime charged requires it to prove Defendant Pedro Bello's specific intent to defraud the Commonwealth of Kentucky of the taxes due. The United States explains that the October 6, 2008 meeting involved Defendant Pedro Bello selling Texas cigarette tax stamps to undercover agents in a scheme to defraud the state of Texas of excise tax. He did this by hoarding a supply of tax stamps, making false reporting sales to the revenue authorities, and then selling the cigarettes at a higher price after a tax increase in the state. As to the March 2009 incident, the

government states Bello sold Vicaro cigars that had been hidden in a Mississippi warehouse in order to profit from a federal excise tax increase.  These acts, the government argues, occurred in the same time period and involve Bello's specific intent to defraud using methods of false reporting and fake invoicing to avoid the payment of taxes.

Rule 404(b) prohibits evidence of other acts to be introduced to prove action in conformity therewith at a later time. Such evidence, however, may be admissible for other purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b).  To be admissible, the "other acts" need not be identical to the crime charged; however, they must "deal with conduct substantially similar and reasonably near in time to the offenses for which the defendant is being tried." United States v. Blankenship, 775 F.2d 735, 739 (6th Cir.1985).  The Sixth Circuit has "noted that Rule 404(b) 'is actually a rule of inclusion rather than exclusion, since only one use is forbidden and several permissible uses of such evidence are identified.'" United States v. Vance, 871 F.2d 572, 575 (6th Cir. 1989) (quoting Blankenship, 775 F.2d at 739).

The Arraignment Orders require the government, upon the request of the Defendant, to give notice of its intention to offer Rule 404(b) evidence within 14 days of trial.  (Arraignment Orders [DN 7, 47, 48].)  The motion, response and reply were filed prior to the date the government was to provide notice.  It is unclear to the Court whether the United States even intends to introduce this evidence at trial.  Therefore, the Court finds that this matter is better left for trial and the motion in limine is **RESERVED.**

### B. Motion in Limine to Exclude Fed. R. Evid. 704 Evidence [DN 98]

Defendant Pedro Bello filed this motion in anticipation of the United States attempting to illicit "ultimate issue" testimony that would be inadmissible**.** He states that he anticipates the United

States intends to call employees of the Kentucky Department of Revenue as witnesses, many of which are attorneys.

In response, the United States that it may present evidence that points to an ultimate issue without presenting testimony concerning a legal conclusion in a way that would violate Federal Rule of Evidence Rule 704. The rule states that "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). The government argues that the Sixth Circuit holds that the "district courts have a wide, but not unlimited, degree of discretion in admitting or excluding evidence that arguably contains a legal conclusion." (United States' Resp. 2 [DN 98] (quoting United States v. Nixon, 694 F.3d 623, 631 (6th Cir. 2012). The government agrees that the testimony can not track the jury instructions or relevant statutes, but the Court must use its discretion in deciding whether to exclude a Kentucky Department of Revenue witness' statement.

Rule 704(a) provides that, in general, "an opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. Rule 704(a). Therefore, opinions that discuss the ultimate issue of fact are not prohibited. Without knowing exactly what the testimony may be, this matter is best left for trial. Therefore, this motion is **RESERVED**.

**C. Motion in Limine to Exclude Portions of Audio Recordings and Accompanying Transcripts [DN 93]**

In his motion in limine to exclude portions of audio recordings and accompanying transcripts, Defendant Pedro Bello states that as part of its investigation, the United States used two cooperating witnesses to secretly record conversations they had with Defendant Bello. He argues that the tapes contain many irrelevant statements as well as statements that constitute inadmissible hearsay and violate the Confrontation Clause. Defendant Bello anticipates that the government will argue that a statement made by the party's co-conspirator during and in furtherance of the conspiracy

is not hearsay. FRE 801(d)(2). Defendant Bello wishes to reserve the right to challenge the government's claim of admissibility once that argument is made. However, after listening to all of the tape recordings with the two C/I's, Defendant Pedro Bello's counsel believes that playing the tapes and allowing the jury to read the transcripts will only confuse and mislead the jury. His counsel requests that the audio recordings should, therefore, be inadmissible.

In response, the United States agrees that the portions of the recorded statements that involve family affairs, social chats or small talk are irrelevant under Fed. R. Evid. 402. However, the United States argues that the statements concerning transactions unrelated to the charged offenses are relevant in that it is probative of Defendant "Pedro Bello's knowledge of the cigarette industry and makes it more probable that he is capable of devising a scheme to defraud Kentucky of excise taxes." (United States' Resp. 2 [DN 100].) The United States understands that if at trial, the Court finds that the United States' presentation of statements showing Defendant Pedro Bello's familiarity with the cigarette industry becomes unduly cumulative, an exclusion at that point would be appropriate, but a blanket exclusion would result in the jury not hearing the relevant evidence. Furthermore, the United States does argue that a statement is not hearsay if it is offered against an opposing party and was made by the party in an individual capacity, which is the scenario at present. Finally, the government states that the Confrontation Clause is concerned with testimonial hearsay statements, but once a statement is found to be non-testimonial, "only the rules of evidence bar its admission." (Id. at 3 [DN 100] (citing United States v. Arnold, 486 F.3d 177, 193 (6th Cir. 2007)).) The government contends that statements made to a government informant are not testimonial.

The Court finds that Pedro Bello's statements made to confidential informants are not hearsay because they are statements of a party opponent that were made by the party in an individual or representative capacity under Rule 801(d)(2)(A). Furthermore, the Court does not believe that

the Confrontation Clause would be violated since the Supreme Court has noted that statements made unwittingly to a Government informant were nontestimonial.  See Davis v. Washington, 547 U.S. 813, 825 (2006) (citing Bourjaily v. United States, 483 U.S. 171, 181-84 (1987).

Rule 402 states that "[r]elevant evidence is admissible" and "[i]rrelevant evidence is inadmissible." Fed. R. Evid. Rule 402.  The government has indicated that it will not seek to admit irrelevant statements.  In order to determine this issue however, the government shall disclose to the Defendants the exact portions of the audiotape it does intend to introduce at trial.  The disclosure shall be made by Friday, May 31, 2013.  Defendant's objections can be addressed at trial.  This motion in limine is **RESERVED.**

**D. Motion in Limine to Exclude Defense Witness' Statements Concerning the Missouri Department of Revenue [DN 94]**

The United States filed a motion in limine to exclude the testimony of Mike Watts, a GT Northeast of St. Louis employee, arguing that Watts' testimony is hearsay, irrelevant, and advances a defense that is invalid as matter of law.  The government states that Mike Watts is likely to testify that he contacted the Missouri Department of Revenue (MDOR) and the MDOR approved of the defendants' invoicing scheme.  Additionally, Mike Watts is anticipated to testify that Defendants Juan Hernandez and Caridad Bello agreed to the invoicing scheme after Watts informed them that the MDOR said the scheme was permissible under Missouri law.  First, the government argues that this testimony is hearsay because they are out of court statements that Mike Watts would be recounting in court, and they are offered for the truth of the matter asserted.  Second, the government argues that the statements should be excluded as irrelevant, or in the alternative, more confusing than probative.  Under the Federal Rules of Evidence Rule 401, the government asserts that Mike Watts' statements are not relevant to the crimes of criminal wire fraud conspiracy and money

laundering, particularly when the victim is Kentucky, not Missouri. Even if the statements are found to be relevant, the government argues that the admission of these statements "present a danger of the jury associating the MDOR's purported endorsement with the guilt or innocence of the defendants," confusing the jury. (U.S.' Mot. in Limine, 3 [DN 94].) Lastly, the government argues that these statements, if admitted, will provide an entrapment by estoppel defense because the MDOR approved of the conspiracy. However, the government states that any entrapment by estoppel defense would fail because "it is unreasonable for any defendant to rely upon the advice of the MDOR on a scheme designed to defraud Kentucky;" and the defendants are facing federal charges, not Missouri state charges.

In response, the Defendants argue that the statements made by Mike Watts are relevant, they have probative value, and they are not hearsay statements because they are not being offered to establish the truth of the matter asserted.[1] In response to the argument that the statements are hearsay, Defendants state that Mike Watts will testify as to statements made by an employee of the MDOR. However, these statements are not being offered to establish the truth of the matter asserted, "but to establish the operative effect of the official's statements, i.e., the Defendants truly did not think they were doing anything wrong and were attempting to comply with appropriate rules and regulations." (Def. Pedro Bello Resp. 2 [DN 107].) In response to the argument that the statements are not relevant, the Defendants state they are charged with conspiracy to commit wire fraud and multiple counts of money laundering. Defendant Hernandez argues that under the Sixth Circuit Criminal Pattern Jury Instructions, the government must prove beyond a reasonable doubt that the defendant knowingly participated in the scheme and had the intent to defraud. Mike Watts'

---

[1] From the Defendants' responses it is clear that they are not pursuing an entrapment by estoppel defense.

statements are relevant to the elements of the crimes according to the Defendants.  As to the reasoning that the testimony would mislead the jury, the Defendants state there is nothing confusing about the evidence and the government is underestimating the ability of the potential jurors.

Rule 801(c) defines hearsay as a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  Fed. R. Evid. Rule 801(c).  The Court agrees that Mike Watt's testimony as to statements made by the MDOR are not being offered to prove the truth of the matter asserted, but are being offered to demonstrate the Defendants' state of mind in consequence of the statements.  See United States v. Gibson, 675 F.2d 825, 834 (6th Cir. 1982); United States v. Herrera, 600 F.2d 502, 504 (5th Cir. 1979); United States v. Thurman, 2013 WL 85145, *19 (W.D. Ky. Jan. 7, 2013).  As the Defendants have been charged with conspiracy to commit wire fraud and money laundering, their intent and knowledge are elements of the crimes charged.  Furthermore, the Court finds that the testimony of Mike Watts is relevant and will not confuse the jury.  Therefore, the United States' motion in limine is **DENIED.**

The Court acknowledges that Defendant Juan Hernandez has filed a motion for an emergency hearing regarding alleged governmental misconduct. [DN 109].  That matter will be addressed on Monday, June 3, 2013 prior to jury selection

**So ordered,** this the 22nd day of May, 2013.

Joseph H. McKinley, Jr., Chief Judge
United States District Court

May 22, 2013

cc: counsel of record