UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO.: 3:11CR-127-M

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

**v.**

**PEDRO BELLO, et al.**                                                                      **DEFENDANTS**

*Electronically Filed*
*** *** ***

## SUPPLEMENTAL PRETRIAL MEMORANDUM OF DEFENDANT PEDRO BELLO

The Defendant Pedro Bello submits this Supplemental Pretrial Memorandum to assist the Court on issues which may be discussed at the trial of this matter, specifically additional statutory code sections which will be addressed.[1]

KRS 131.612(1) provides as follows:

It shall be unlawful for:
(1) Any stamping agent or distributor to affix a stamp to a package or other container of cigarettes of a tobacco product manufacturer or brand family not included in the directory . . . .

Ky. Rev. Stat. Ann. § 131.612(1) (West).  Further, KRS 131.604(5) defines "stamping agent" as "a person, including a distributor, that is authorized to affix tax stamps to packages or other containers or cigarettes pursuant to KRS 138.146 or any person that is required to pay the excise tax imposed pursuant to KRS 138.155." Ky. Rev. Stat. Ann. § 131.604 (West).  Thus, Mr. Bello was a stamping agent pursuant to this statute.  Further, it is the Government's position that Mr. Bello failed to stamp cigarettes as prescribed by KRS 138.130 *et seq*.

---

1 The arguments contained herein are to be construed in addition to and/or as alternatives to arguments previously raised by Mr. Bello in this matter and do not waive any previous argument or position made in this case by Mr. Bello or his counsel on this behalf.

1

Without waiving Mr. Bello's position that the excise tax was not owed on any of the cigarette sales at issue here, a substantial portion of the cigarettes that the Government argues should have been stamped are believed to have been "non-directory" brands. Because of this distinction, under Kentucky law a stamp could not have been placed on those particular cigarettes pursuant to the statutes set forth *supra*. The Government argues that Mr. Bello avoided payment of approximately $2 million dollars in excise taxes based on sales of approximately $12.5 million which represents the sales of 645,737 cartons of cigarettes. However, the Government has not established that all of cigarettes were manufactured by companies participating in the Master Settlement Agreement. A cigarette manufactured by a non-directory brand could not have lawfully been stamped. *See* KRS 131.612(1). Thus, Mr. Bello was not lawfully permitted to stamp those brands of cigarettes.

Before presenting the above-referenced figures to the jury, the Government must establish which cigarettes were brands on the directory and which were not. Because the directory was an ever-changing list of brands, the Government must account for each time-period at issue and which brands were on and off the directory at that given time. Those brands not on the directory should not be included in any sums advanced by the Government to the jury or for sentencing purposes, if applicable, because those brands were not allowed to be stamped.

Because a determination regarding how much tax was allegedly due is directly based on a determination of which cigarettes were directory verses non-directory brands, the Government must be required to present this information to Mr. Bello. This is of upmost importance because, if convicted, Mr. Bello's sentence would be determined in a large part based on the amount of unpaid excise tax.

Alternatively, if it is the Government's position that KRS 131.604 *et seq*. is not applicable and that Mr. Bello was required to stamp all cigarettes, both directory and non-directory brands, Mr. Bello requests a hearing to address these statutes and their interpretation in light of the criminal charges against Mr. Bello.

Further, it is believed that a portion of the cigarettes at issue were never in Mr. Bello's warehouse in Kentucky and/or Indiana, but instead travelled from Caridad Bello's facility in Missouri to Chavez's facility in Kentucky.  These cigarettes are believed to have been counted in the 645,737 total, and should be deducted from same as they were never in the possession of Pedro Bello.

## CONCLUSION

Based on the foregoing, Mr. Bello requests that the Government provide information related to each of 645,737 cartons of cigarettes, specifically indicating which cartons were directory brands which the Government contends should have been stamped and which were not and, thus, could not have been stamped.  Further, if the Government contends that stamps were due on all cigarettes cartons at issue, both directory and non-directory brands, Mr. Bello requests a hearing regarding same.

Respectfully submitted,

   / R. Kent Westberry
R. KENT WESTBERRY
LANDRUM & SHOUSE LLP
220 West Main Street, Suite 1900
Louisville, Kentucky 40202-1395
Phone: (502) 589-7616
***Counsel for Defendant, Pedro Bello***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of May, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

It is further certified that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participants:

N/A

    / R. Kent Westberry
*Counsel for Defendant, Pedro Bello*